# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

LIBERATO O. DELUMEN et al.           *
                                      *
         v.                           *   Civil Action WMN-10-2758
                                      *
ONEWEST BANK FSB et al.               *

 *   *   *   *   *   *   *   *   *   *   *   *

**MEMORANDUM**

Pending before the Court is a motion to dismiss this action filed by Defendants OneWest Bank, FSB (OneWest) and Deutsche Bank National Trust (DB Trust). ECF No. 10. Plaintiffs, acting pro se, filed a minimal opposition to Defendants' motion but also requested leave to amend their Complaint. Upon a review of the pleadings and applicable case law, the Court will grant Defendants' motion to dismiss.

## I.   BACKGROUND

This is a case alleging predatory lending practices. In 2005, Plaintiffs Liberato and Fatima Delumen bought a home with the help of a low-cost mortgage, the true terms of which they claim were deliberately concealed by their mortgage broker and lender. Plaintiffs further allege they discovered the fraud only after their mortgage premiums unexpectedly skyrocketed.

On July 18, 2005, Plaintiffs obtained an "adjustable rate

Libor 5 year interest only" mortgage (Mortgage) for $224,000.00.[1] According to the Complaint, "Washington Capitol [sic]" acted as Plaintiffs' mortgage broker while Netbank, Inc. (Netbank) funded the Mortgage. Both companies are now defunct. To ensure Plaintiffs would qualify for certain loan products, Washington Capitol and Netbank (Lenders) allegedly inflated Plaintiffs' monthly income on their loan application without Plaintiffs' knowledge. In addition to falsifying certain documents, Plaintiffs' also claim: (1) the Lenders deliberately obscured the true terms of the Mortgage despite knowing that the Mortgage's monthly premiums would eventually exceed one hundred percent of Plaintiffs' monthly income; (2) the terms of the Mortgage were inconsistent with the verbal agreement reached between Plaintiffs and the Lenders; (3) the Mortgage and related documents were deliberately drafted to prevent laypeople from understanding them; and (4) the Lenders overcharged Plaintiffs for certain closing fees.

Two years after the Mortgage was consummated, Netbank failed on September 7, 2007. Though unclear from the Complaint and pleadings, it appears that ownership of Plaintiffs' Mortgage then transferred to IndyMac Bank, FSB as a result of Netbank's

---

[1] Plaintiffs also obtained a second mortgage for $56,000 at the same time, but that mortgage is irrelevant to this case.

failure.[2]  Less than one year later, IndyMac Bank also failed, and some of its assets were transferred to a third bank named IndyMac Federal Bank FSB (IndyMac Federal).  In turn, IndyMac Federal failed nine months later on March 19, 2009, and shortly thereafter OneWest purchased certain assets of IndyMac Federal.  Plaintiffs' Mortgage, after passing through at least four banks in four years, finally found a home.  OneWest currently holds the Mortgage at issue and is therefore party to this lawsuit.

While the Mortgage passed from one failing bank to another, its monthly premium quickly increased.  In 2009, Plaintiffs were struggling to make their payments, and they submitted an application to modify their Mortgage under the Home Affordable Modification Program.  OneWest, however, refused to modify the Mortgage terms, indicating Plaintiffs did not qualify for relief under the program.  As a result, Plaintiffs were unable to meet their Mortgage obligations, and OneWest filed a civil foreclosure action against Plaintiffs' home on July 9, 2010.

Plaintiffs are suing OneWest primarily as the successor in interest of Netbank, but Plaintiffs also complain that OneWest's foreclosure action is improper and that OneWest holds no legally

---

[2] Plaintiffs' Complaint, however, also appears to intimate that Netbank sold or otherwise transferred ownership of the Mortgage shortly after closing on it, because Netbank's "purpose was solely to collect fees, rebates, kickbacks and profits" and Netbank "had no financial stake (i.e. liability) in the [Mortgage]."  Compl. ¶ 17.

3

operative interest in Plaintiffs' property.  Also named as defendants are DB Trust and McCabe, Weisberg & Conway LLC (MWC).  Plaintiffs aver that DB Trust "conducted business [in Maryland] on a regular basis" but provide no further detail regarding DB Trust's involvement in this action.  MWC is a law firm apparently acting as trustee for OneWest in OneWest's foreclosure proceedings against Plaintiffs' property, though it appears that a summons has not yet been served on MWC in this case, and MWC has filed neither an appearance nor a responsive pleading.

In sum, Plaintiffs lodge sixteen causes of action in their Complaint, including fraud, conspiracy, various torts and contract defenses, and violations of Maryland disclosure laws.[3]  Although Plaintiffs filed this case in Maryland state court, Defendants OneWest and DB Trust removed it to this Court and subsequently filed the instant motion to dismiss.  Defendants

---

[3] As they appear in the Complaint, Plaintiffs causes of action include: "Declaratory Relief" (Count 1); "Slander of Title" (Count 2); "Demand for Accounting" (Count 3); "Contractual Breach of Implied Covenant of Good Faith and Fair Dealing" (Count 4); "Violation of Disclosure Laws" (Count 5); "Violation of Disclosure Laws in Timely Manner" (Count 6); "Rescission/Cancellation" (Count 7); "Unfair Business Practices" (Count 8); "Breach of Fiduciary Duty" (Count 9); "Quiet Title" (Count 10); "Injunctive Relief" (Count 11); "Fraud" (Count 12): "To Void Contract Based on Impossibility of Performance" (Count 13); "To Void Contract Based on Unconscionableness [sic]" (Count 14); "Intentional Infliction of Emotional Distress" (Count 15); and "Conspiracy" (Count 16).  Plaintiffs allege each cause of action against all Defendants.

argue Plaintiffs' Complaint: (1) is time-barred by the applicable statutes of limitations: (2) is preempted by federal law; and (3) fails to satisfy the requisite pleading standard.

In response to Defendants' motion, Plaintiffs, again acting <u>pro se</u>, filed a timely opposition memorandum. The memorandum, however, is essentially a motion for leave to amend their Complaint. Plaintiffs indicate they have retained counsel who may better guide them through the complexities of federal litigation and, additionally, Plaintiffs seek to include a cause of action for unjust enrichment. Defendants later filed their reply memorandum further supporting their motion and opposing Plaintiffs' efforts to amend.

**II. LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a)(2) provides that any pleading seeking relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 does not require "detailed factual allegations," yet "naked assertions, devoid of further factual enhancement" are insufficient. <u>Ashcroft v. Iqbal</u>, \_\_\_ U.S. \_\_\_, \_\_\_, 129 St. Ct. 1937, 1949 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)) (internal quotations omitted). Likewise, unadorned accusations and rote recitation of a cause of action's elements fail to meet the requisite pleading standard. <u>Id.</u>

5

Rather, to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." Id. In this context, the plausibility standard is not a probability requirement, but it nonetheless requests more than the mere possibility of a defendant's liability. Id. Indeed, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "[O]nce a claim has been stated adequately," however, "it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S. at 563. Moreover, when considering a Rule 12(b)(6) motion, the court is required to construe all facts and reasonable inferences from those facts in the light most favorable to the plaintiff. Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997) (citing Little v. Federal Bureau of Investigation, 1 F.3d 255, 256 (4th Cir. 1993)).

### III. DISCUSSION

While Plaintiffs' Complaint is rooted in the well-reported but generalized misconduct of some mortgage brokers, Plaintiffs fail to allege sufficient facts implicating the named Defendants. That some mortgage brokers in the country may have engaged in fraudulent conduct does not mean Netbank and

6

Washington Capitol did the same. Thus, to sustain a motion to dismiss, Plaintiffs need to allege specific facts that if true would prove the named Defendants were responsible for unlawful conduct.

Applied here, this necessity has two primary consequences. First, Plaintiffs must explain how the named Defendants engaged in the alleged misconduct. As it appears now, much of the misconduct was committed by companies not named as defendants. For example, Plaintiffs claim their mortgage broker, Washington Capitol, was intimately involved in the alleged misconduct, but Washington Capitol apparently no longer exists and Plaintiffs do not explain how they can impute the actions and misdeeds of a defunct corporation to other wholly-unrelated defendants. Similarly, Plaintiffs fail in their Complaint to connect OneWest as Netbank's successor in interest.[4] The mere fact that OneWest now owns Plaintiffs' Mortgage is insufficient to hold OneWest liable for Netbank's alleged misdeeds.[5] Furthermore, Plaintiffs'

---

[4] Paragraph 3 of the Complaint identifies OneWest as successor in interest to IndyMac Federal, but the Complaint never alleges any relationship between Netbank and IndyMac Federal. Compl. ¶ 3.

[5] Plaintiffs, however, argue mere ownership should be enough to impute liability, because "allowing [OneWest and DB Trust] to buy such loans without assuming any liability for how those loans might be obtained . . . [would] leav[e] no one to bear any liability for how the loans were obtained." Pls.' Opp'n 2, ECF No. 12 (emphasis in original). While it is lamentable that Plaintiffs cannot recover from defunct corporations, Plaintiffs

Complaint is devoid of explanation concerning DB Trust's involvement in the alleged tortious behavior. For these reasons alone, Plaintiffs' causes of action stemming from the conduct of Washington Capitol and Netbank must be dismissed.

The second consequence of the legal standard discussed above is that Plaintiffs must include in their Complaint more specific factual allegations giving rise to their causes of action. Generalized accusations of conduct unappreciated by Plaintiffs are insufficient to support the particularized allegations of unlawful conduct required to sustain a Complaint. At a minimum, a complaint must contain enough factual content such that the Court may draw a reasonable inference that Defendants are liable for the misconduct alleged. Here, Plaintiffs' generalized grievances and innuendo lack the specificity required to draw that inference, and therefore even the claims relating directly to the conduct of OneWest and the other named Defendants must fail.

Though Plaintiffs have failed to allege sufficient facts for any of their causes of action, their Complaint is not a "vapid amalgam of unsupported allegations" as Defendants claim. Defs.' Mot. 4, ECF No. 10-1. Plaintiffs, therefore, may choose to amend and re-file their Complaint if they can allege specific

---

have not explained how the Court can shift blame to an unrelated corporation to accommodate Plaintiffs' grievances.

facts showing unlawful conduct by the named Defendants as explained above, and Plaintiffs' newly-retained counsel may help them to that end.[6]  Plaintiffs should be aware, however, that only a lawyer admitted to practice in this Court may represent them here.  If Plaintiffs wish to use an out-of-state lawyer, that lawyer must apply to be admitted pro hac vice in accordance with Local Rule 101.1(b).  Even if represented by an attorney who has been admitted pro hac vice, Plaintiffs must additionally be represented by a member of the Maryland Bar.  Id.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss will be granted.  A separate order will issue.

/s/
William M. Nickerson
Senior United States District Judge

January 26, 2011

---

[6] Alternatively, Plaintiffs may file their amended complaint in Maryland state court as a new lawsuit.  Doing so may enable Plaintiffs to litigate this case in state court if their new complaint does not implicate a federal question.  Acting pro se, Plaintiffs have not challenged Defendants' removal of this case to federal court, so the Court need not address the propriety of such action at this time.

9